## Case No. 15,837.

### UNITED STATES v. MURPHY et al.

[1 Cal. Law J. 217.]

District Court, N. D. California. Jan. 10, 1863.

MEXICAN LAND GRANTS—FINAL DECREE—REHEARING—"PENDING CASE"—PRACTICE.

Where a decree has been rendered, and a motion for a rehearing made thereon, until that motion for rehearing is finally disposed of, such case is still "pending;" and the act of 1860 [12 Stat. 35], whose provisions apply to all "pending cases," takes effect as to such case, though the decree was rendered previous to the passage of the law.

[This was a claim by Daniel Murphy and others for San Francisco de Las Llagas, six square leagues in Santa Clara county, granted February 3, 1834, by José Figueroa to Carlos Castro. Claim filed February 9, 1852. Confirmed by the commission August 22, 1854, and by the district court October 22, 1855 (case unreported), containing 22,979.66 acres.]

HOFFMAN, District Judge. The official survey in this case was originally ordered into court for examination prior to the passage of the act of 1860. The cause was heard and a decree made, setting the survey aside and adopting a previous survey, made by A. W. Thompson, United States deputy surveyor. A motion was subsequently made for a rehearing, but it remained unargued and undisposed of up to the date of the passage of the act of 1860. As by that law, all pending cases were subjected to its provisions, it was considered by the court that the operation of the decree, as a final judgment, was in effect suspended by the motion for a rehearing, and that the case was "pending," within the meaning and intent of the law. Proceedings, as required by the act of 1860, were accordingly had. Advertisements were published, and time afforded to the claimants and to the parties intervening to produce testimony.

No evidence whatever, in addition to that before the court at the time of making the decree adopting the Thompson survey, has been produced on the part of those who object to that survey. The claimants, however, have offered testimony corroboratory of that on which the decree was made. The final decree of confirmation entered in this court declares the land confirmed to be the tract embraced within the limits of a judicial possession given to the grantee, and approved and confirmed, after some contest, by the Mexican authorities. No limitation of quantity is mentioned in the decree, and in the engrossed copy in the decree book, a clause stating the quantity to be two leagues —a little more or less—has been erased by order of the circuit judge, by whom the decree was rendered.

The only question, therefore, is as to the limits of the judicial possession. The measurements, as specified in the record of possession, are evidently erroneous, and afford no means of ascertaining the limits of the tract; but the monuments set up at the corners and the delineation of the tract whereof possession was given, which was marked on the original diseño by the judicial officers, enable us to ascertain, with reasonable certainty, the limits of the tract measured off to the claimant. The record states that, at the end of each line, a flag was placed and a boundary-mark established. These marks are now pointed out and identified by the two surviving witnesses who assisted at the proceeding. They consist of ancient marks on trees. No testimony in opposition to their statements is offered, nor is any attempt made to show by examining the annulations of the wood that the marks were not made at the time the judicial possession was given. The lines thus established correspond with tolerable exactness to the rude delineation made on the diseño by the judicial officer. They have been followed in the survey by Mr. Thompson, and I see no reason to doubt that they are those established by the officer giving possession. They are, therefore, the boundaries of the land to which by the final decree the title of the claimant was confirmed. It appears, however, that a part of the land is included in the Solis rancho, which has been surveyed and patented. This portion the claimants in this case have agreed to relinquish, and have consented that the Thompson survey be modified so as to follow the line of the Solis rancho, so far as the two ranchos are co-terminous. A decree to that effect will be entered.

## Case No. 15,838.

### UNITED STATES v. MURPHY.

[4 Cranch, C. C. 681.] [1]

Circuit Court, District of Columbia. March Term, 1836.

HUSBAND AND WIFE—WIFE'S PERSONALTY—LARCENY—INDICTMENT.

The goods of the wife, are the goods of the husband, and must be so averred to be, in an indictment for larceny, although the wife kept a milliner's shop in Washington and the husband a tinman's shop in Alexandria, but the wife's shop was not for her separate use.

Indictment [against Patrick Murphy] for stealing the goods of Ann Hill. It appeared in evidence that Ann Hill was a feme covert; that her husband kept a tinman's shop in Alexandria, and his wife a milliner's shop in Washington, but not for her separate use. They lived together, that is, he came to Washington three or four times a week.

THE COURT (MORSELL, Circuit Judge, absent, and THRUSTON, Circuit Judge, doubting) told the jury that in law the goods stolen were the goods of the husband, and

[1] [Reported by Hon. William Cranch, Chief Judge.]

ought to have been so stated in the indictment.

Verdict not guilty. The prisoner was remanded.

## Case No. 15,839.

### UNITED STATES v. MURPHY.

[Hoff. Land Cas. 77.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT.

No objection urged to the confirmation of this claim.

Claim for three leagues of land in Santa Clara county, confirmed by the board, and appealed by the United States.

[This was a claim by Bernard Murphy for Las Uvas, granted June 14, 1842, by Juan B. Alvarado to Lorenzo Pineda; claim filed January 22, 1852; confirmed by the board September 19, 1854,—containing 11,079.93 acres.]

S. W. Inge, U. S. Atty.

Thornton & Williams, for appellee.

HOFFMAN, District Judge. This case has been submitted without argument on the part of the appellants; nor has any reason for reversing the decree of the board been suggested to us. On looking over the record, it appears that the genuineness of the original grant was fully established, and indeed does not seem to be controverted now. The evidence discloses a substantial compliance with the conditions of the grant, and the boundaries of the land are distinctly indicated by natural objects. The land thus bounded has been found, on a survey, to contain less than the quantity called for in the grant. We are unable to discover any reason for refusing to confirm the decree of the commissioners. A decree to that effect must therefore be entered.

## Case No. 15,840.

### UNITED STATES v. MURPHY.

[Hoff. Land Cas. 81.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT—RESIDENCE.

The validity of this claim fully established.

Claim for one league of land in Santa Clara county, confirmed by the board, and appealed by the United States.

[This was a claim by Bernard Murphy for the rancho La Polka, granted January 19, 1833, by José Figueroa to Ysabel Ortega; claim filed February 17, 1852; confirmed by the commission August 15, 1854,—containing 4,166.78 acres.]

S. W. Inge, U. S. Atty.

Thornton & Williams, for appellee.

HOFFMAN, District Judge. It is unnecessary in this case to recapitulate the facts, which are fully stated in the opinion of the board of commissioners. The genuineness of the grant, and the residence of the grantee and his children on the land for more than twenty years, are fully established. The only difficulty in the case is obviated by the form of decree entered by the board, and which it is now prayed may be affirmed by this court. No objections having been raised on the part of the appellants, and none having been discovered by us, a decree as prayed for must be entered.

## Case No. 15,841.

### UNITED STATES v. MURPHY.

[Hoff. Land Cas. 154.] [1]

District Court, N. D. California. June Term, 1856. [2]

MEXICAN LAND GRANT—SUTTER GENERAL TITLE.

The validity of claims under the Sutter general title affirmed in Hensley's Case [unreported].

Claim for four leagues of land in Sacramento county, confirmed by the board, and appealed by the United States.

[This was a claim by James Murphy for the rancho Casadores, granted December 22, 1844, by Manuel Micheltorena to Ernest Rufus. Claim filed August 14, 1852. Confirmed by the commission July 17, 1855.]

William Blanding, U. S. Atty.

Thornton & Williams, for appellee.

BY THE COURT. The claim of the appellee in this case is founded on the general title issued by Micheltorena in 1844, the validity of which has already been affirmed by this court in the case of U. S. v. Hensley [unreported]. The testimony of Gen. Sutter shows the original grantee, Ernest Rufus, to have been one of those in whose favor the general title issued. It also appears that the conditions of occupation and cultivation were fully complied with, and the diseño which accompanies the petition indicates the tract granted with clearness and precision. The claim was confirmed by the board, and the case has been submitted without argument or objection on the part of the United States. The decision of the board must therefore be affirmed, and a decree of confirmation entered.

[The case taken by the United States, on an appeal, to the supreme court, where the decree of this court was reversed, and the cause remanded, directing this court to dismiss the petition. 23 How. (64 U. S.) 476.]

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[2] [Reversed in 23 How. (64 U. S.) 476.]